## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | | |
|---|---|---|---|
| 1. | **CHRISTY SMITH,** | ) | |
| | | ) | |
| | **Plaintiff,** | ) | |
| **v.** | | ) | **CIV-16-** 1228-D |
| | | ) | |
| 1. | **@LINK SERVICES, L.L.C. d/b/a** | ) | |
| | **ATLINK SERVICES, L.L.C.,** | ) | |
| | | ) | **Jury Trial Demanded** |
| | **Defendant.** | ) | **Attorney Lien Claimed** |

## COMPLAINT

**COMES NOW** the Plaintiff, Christy Smith, and for her Complaint in the above-entitled action, alleges and states as follows:

## PARTIES

1.      Plaintiff, Christy Smith, is an adult female, who at all times relevant hereto was a resident of Oklahoma County, Oklahoma.

2.      Defendant, @Link Services, L.L.C. d/b/a AtLink Services, L.L.C., is a limited liability company doing business in and around Oklahoma County, Oklahoma;

## JURISDICTION AND VENUE

3.      This is a cause of action arising out of Plaintiff's former employment with Defendant based on claims of (a) disability discrimination in violation of the ADA and ADAAA; (b) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"); (c) interference with and retaliation for Plaintiff having used and/or attempted to use medical leave under the Family Medical Leave Act ("FMLA"); and (d) failure to pay

1

wages in violation of Oklahoma state law, Okla. Stat. tit. 40 § 165.1, *et seq.*

4.      This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331.  This Court has supplemental jurisdiction over Plaintiff's corresponding state law claim as it arises out of the same core of operative facts as the federal claims, and jurisdiction over it is vested in this Court under 28 U.S.C. §1367(a).

5.      All of the claims complained of herein occurred in or around Oklahoma County, Oklahoma.  Defendant is doing business in such county and may be served in such county.  Oklahoma County is located within the Western District of the United States District Court of Oklahoma, wherefore, venue is proper in this Court under 28 U.S.C. § 1391(b).

6.      Plaintiff has exhausted her administrative remedies.  She filed an EEOC Charge of Discrimination on or about February 29, 2016.  The EEOC issued a Notice of Right to Sue dated on or about September 29, 2016, which Plaintiff received thereafter by mail.  She has timely filed her Complaint within ninety (90) days from her receipt of the same.

## STATEMENT OF FACTS

7.      Plaintiff, Christy Smith (DOB: October 1975), began her employment with Defendant on or about April 14, 2014, as an Inbound Salesperson.  Initially, she reported to Vice President of Sales and Marketing Lance Maxey.

8.      Throughout her employment, Plaintiff's job performance was at least satisfactory, if not excellent.  She was regularly complimented on her job performance, was

a top salesperson, and received a pay increase.

9.      Despite her good work performance, Plaintiff was terminated from her employment on or about December 31, 2015, less than two (2) weeks after she underwent surgery related to a sleep disorder.  Plaintiff was not given any reason for her termination. And, she was replaced by a significantly younger individual (in her 20s).

10.     Around late Summer/early Fall 2015, Plaintiff was diagnosed with a sleep disorder and found to have nodules on her throat.  As such, Plaintiff is a qualified individual with a disability, in that, her condition substantially limits and/or limited her ability to perform one or more major life activities including, but not limited to her ability to sleep and breathe.  Her physical impairment also impacted one or more of her internal bodily processes, including but not limited to her respiratory system.  At all relevant times though, Plaintiff was able to perform the essential functions of her job with or without reasonable accommodations.

11.     At the same time, Plaintiff began continuing medical treatment for her medical condition.

12.     Although Plaintiff notified Defendant of her condition and her need for medical leave, she was not informed of her right to FMLA leave.

13.     In or around August 2015, after Plaintiff had taken time off for her medical condition, Tech. Manager Jennifer Brown told Plaintiff she was going to write Plaintiff up. However, the reason Brown gave for writing Plaintiff up was not justified.

14.     More particularly, in or around July 2015, Plaintiff understood she was to begin reporting to Sales Director Ben Ray (in his early-to-mid 30s), as Maxey (in his 40s) had been demoted and replaced by Ray.

15.     Brown (in her 30s), however, told Plaintiff in August 2015 that she was her supervisor, rather than Ray.  And, though Brown had not previously told Plaintiff that she was her supervisor, Brown told Plaintiff that she was writing Plaintiff up for going to Ray with questions, rather than coming to Brown.

16.     Plaintiff tried to explain that she went to Ray because she understood Ray to be her supervisor.  However, Brown was dismissive of Plaintiff and told Plaintiff that Plaintiff had a "b*tch face."

17.     Thereafter, from in or about December 4, 2015 through December 10, 2015, Plaintiff was absent from work to undergo a tonsillectomy and uvulopalatopharyngoplasty as a result of her medical condition.  And, less than two weeks after her return to work, Brown fired Plaintiff.

18.     Plaintiff asked Brown why she was being fired.  However, Brown did not provide any reason for Plaintiff's termination, but instead just shrugged her shoulders.

19.     Plaintiff asked Human Resources Representative Shelly Prince, who was present in the termination meeting, if she was being fired because of her medical-related absences.  Significantly, Prince did not deny this as being the reason for Plaintiff's termination.  Rather, Prince told Plaintiff that Brown had not told her the reason why she was

firing Plaintiff.

20.     Notably, one of Plaintiff's co-workers was fired the day he returned from having been on medical leave.

21.     Further, Defendant failed to pay Plaintiff for commissions earned prior to her termination.  That is, Plaintiff earned commissions based on sales she made each month, which were paid to Plaintiff the following month after product installation was complete. However, despite having made sales during the month of December 2015, upon which Plaintiff earned commission, Plaintiff was not paid the commissions earned.

22.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered the injuries described hereafter.

## COUNT I - ADA/ADAAA

For her first cause of action against, Plaintiff incorporates all prior allegations and further alleges and states as follows:

23.     The matters alleged above constitute discrimination based on a disability, a record of a disability and/or perceived disabilities in violation of the ADA/ADAAA.

24.     More specifically, Plaintiff was a qualified individual with a disability, in that, she suffers from a physical impairment (i.e., a sleep disorder and nodules on her throat), which substantially limits her ability to perform one or more major life activities as set forth above.  Further, Plaintiff's disability impacts one or more of her internal bodily processes, as shown herein.

25.     Despite said impairments, Plaintiff was qualified to perform the essential functions of her job with or without reasonable accommodations at all relevant times hereto.

26.     Plaintiff was terminated under circumstances giving rise to an inference of discrimination.

27.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered lost income, past and future, emotional distress and other non-pecuniary losses.

28.     Because the actions of Defendant was willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## COUNT II - ADEA

For her second cause of action against, Plaintiff incorporates all prior allegations and further alleges and states as follows:

29.     Plaintiff is entitled to relief under federal law for age discrimination because, at all relevant times hereto, Plaintiff was over the age of forty (40); she was qualified for her job; she was terminated and her position was not eliminated.

30.     As damages, Plaintiff has suffered lost earnings, past and future, and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.  Plaintiff is also entitled to liquidated damages based upon Defendant's willful conduct in violating the ADEA.

## COUNT III - FMLA

For her third cause of action, Plaintiff incorporates all prior allegations and further

alleges and states as follows:

31.     The matters alleged above constitute interference with and retaliation for Plaintiff's use or attempted use of medical leave in violation of the Family Medical Leave Act ("FMLA").

32.     Plaintiff was entitled to medical leave because she worked for Defendant, an entity with more than 50 employees within a 75 mile radius of Plaintiff's work site, for more than one (1) year and for more than 1,250 hours within the one year prior to her need for leave.

33.     Plaintiff suffered from a serious health condition (i.e., a sleep disorder and nodules on her throat), requiring continuing medical treatment by a medical provider.

34.     Defendant interfered with Plaintiff's rights under the FMLA by *inter alia* failing to notify Plaintiff of her FMLA rights.

35.     Defendant also retaliated against Plaintiff for her use of FMLA leave, terminating Plaintiff just two (2) weeks after she took FMLA qualifying leave.

36.     As set forth herein, Defendant's actions were in willful violation of the law. Defendant was aware of the FMLA and the requirements contained therein, but willfully violated Plaintiff's FMLA rights.

37.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered injuries and is entitled to recovery of all damages, including, but not limited to, lost income, past and future, liquidated damages, based on the willfulness of Defendant's violation of the

FMLA, attorney's fees and costs.

## COUNT IV - Violation of Okla. Stat. tit. 40 § 165.2

For her fourth cause of action Plaintiff incorporates all prior allegations and further alleges and states as follows:

38.     The acts described above constitute a violation of Oklahoma state law, Okla. Stat. tit. 40 § 165.2.

39.     Okla. Stat. tit. 40 § 165.2 requires employers to pay employees all wages, including commissions to employees at least twice each calendar month.

40.     Defendant violated Okla. Stat. tit. 40 § 165.2 by failing to pay Plaintiff for commissions Plaintiff earned and to which she was entitled.

41.     As such, Plaintiff is entitled to all damages provided for by law, including liquidated damages and attorney's fees and costs.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court enter judgment in favor of Plaintiff and against Defendant and assess compensatory damages including but not limited to back pay, future wages and other compensatory damages, together with pre- and post-judgment interest, costs, attorney's fees, liquidated damages, punitive damages and such other relief as this Court may deem equitable and appropriate or allowed by law.

**RESPECTFULLY SUBMITTED THIS <u>24th</u> DAY OF OCTOBER, 2016.**

s/ Jana B. Leonard
JANA B. LEONARD, OBA# 17844
SHANNON C. HAUPT, OBA # 18922
LEONARD & ASSOCIATES, P.L.L.C.
8265 S. WALKER
OKLAHOMA CITY, OK 73139
(405) 239-3800        (telephone)
(405) 239-3801        (facsimile)
leonardjb@leonardlaw.net
haupts@leonardlaw.net

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED